[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2000
THOMAS K. KAHN
CLERK

————————————

No. 99-8055
Non-Argument Calendar

————————————

D.C. Docket No. 97-03080-CV-GET-1

GREG HIGGINBOTTOM,

Plaintiff-Appellant,

versus

ALAN CARTER,
DEPARTMENT OF CORRECTIONS, et al.,

Defendants-Appellees.

————————————

Appeal from the United States District Court for the
Northern District of Georgia

————————————
**(August 21, 2000)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

# I.

Appellant Greg Higginbottom ("Higginbottom") appeals from the district court's order dismissing his civil rights complaint for failure to exhaust his state administrative remedies pursuant to 42 U.S.C. § 1997e(a). Higginbottom filed his complaint after April 26, 1996; therefore, the requirements of the Prison Litigation Reform Act of 1995 ("PLRA") (effective April 26, 1996), apply to his complaint.

On appeal, Higginbottom raises an issue of first impression in our circuit: whether his excessive-use-of-force claim is subject to the PLRA's exhaustion requirements. Higginbottom also raises several other challenges on appeal: (1) that there are no administrative remedies available to him, because he challenged actions of the Commissioner of the Department of Corrections, Wayne Gardner; (2) that the administrative remedies are not "available" to provide the monetary damages that he seeks in this lawsuit; (3) that 42 U.S.C. § 1997e(a) is "complex," "not clear," and "vague," as evidenced by interpretive splits among the circuits and district courts; (4) that the claims asserted in his brief "are not grievable"; and (5) that the district court erred by vacating a four-month-old order. For the first time on appeal, Higginbottom contends that the prison's grievance procedures are unconstitutionally "vague," and that the attorney general's office should not represent defendants accused of a "known . . . constitutional wrong."

## II.

We review *de novo* the district court's interpretation of section 1997e(a)'s exhaustion requirements and application of that section to Higginbottom's claims. *See Alexander v. Hawk,* 159 F.3d 1321, 1323 (11th Cir. 1998). Issues raised for the first time on appeal are not properly before this court unless one of five exceptions applies. *See Narey v. Dean*, 32 F.3d 1521, 1526-27 (11th Cir. 1994). None of these five exceptions applies in this case.

## III.

Higginbottom argues that the PLRA's exhaustion requirements do not apply to his excessive-use-of-force claim because the claim did not challenge "prison conditions" as defined in the PLRA. *See* 18 U.S.C. § 3626(g)(2). Title 18 U.S.C. § 3626(g)(2), which was amended as part of the same legislation as § 1997e, provides that the term "civil action with respect to prison conditions" means any civil action arising under federal law "with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." Thus, the plain language of the statute does include claims alleging excessive force. *See Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999). *See also Booth v. Churner, C.O.*, 206 F.3d 289 (3rd Cir. 2000), *petition for cert. filed*, (U.S. June 5, 2000) (No. 99-1964). Furthermore, reading

the term "prison conditions" to include excessive-use-of-force claims is supported by the purpose and legislative history of the Act. Congress passed the PLRA to reduce frivolous prisoner lawsuits. *See Freeman*, 196 F.3d at 644. "A broad exhaustion requirement that includes excessive force claims effectuates this purpose and maximizes the benefits of requiring prisoners to use prison grievance procedures before coming to federal court." *Id.*

Moreover, the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile. *See Alexander,* 159 F.3d at 1323. "The plain language of the statute makes exhaustion a precondition to filing an action in federal court." *Freeman*, 196 F.3d at 645. Accordingly, since the PLRA's exhaustion requirements encompass excessive-use-of-force claims, Higginbottom was required to exhaust his administrative remedies before filing suit.

We see no merit to any of Higginbottom's remaining arguments. A review of the record demonstrates that the district court did not err by vacating its order denying dismissal, despite the fact that the order was four months old, because the vacatur occurred only six weeks after new, binding case law was issued. In addition, we hold that § 1997e(a) is not unconstitutionally "vague" because the plain language of the statute adequately puts prisoners on notice that they must

4

exhaust their administrative remedies before pursuing prison-related civil actions in federal court.   Finally, Higginbottom offers no arguments supporting his assertion that his claims were "not grievable."

For the foregoing reasons, we affirm the district court's judgment of dismissal.

**AFFIRMED.**